**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| YOVANI NOE SILVA GUTIERREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-945-JDK |
| | § | |
| WARDEN, IAH SECURE ADULT DETENTION FACILITY, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND NOTICE TO ATTORNEY**

In September 2026, U.S. Immigration and Customs Enforcement detained Yovani Noe Silva Gutierrez under 8 U.S.C. § 1225(b)(2)(A) pending removal proceedings. Now before the Court is Yovani Noe Silva Gutierrez's habeas petition under 28 U.S.C. § 2241, which seeks immediate release or, alternatively, a bond hearing. Docket No. 1. For the reasons set forth below, the Court **DENIES** the petition.[1]

To the extent Petitioner argues that he is entitled to relief by statute, the argument is foreclosed by *Buenrostro-Mendez v. Bondi*, which held that § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like Petitioner for the duration of their removal proceedings. 166 F.4th 494, 508 (5th Cir.

[1] A district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After a careful review of the petition, the Court determines that an answer from Respondents is unnecessary. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).

2026). Petitioner further acknowledges that *Buenrostro-Mendez v. Bondi* forecloses Petitioner from claiming his detention is governed by § 1226(a). *See* Docket No. 1 at 16. Petitioner's argument under the Fifth Amendment's Due Process Clause is also foreclosed by recent precedent. *See Sosnava Rodriguez v. Vergara*, 2026 WL 3181188, *14 (5th Cir. Oct. 23, 2026) (en banc) (holding that mandatory detention under § 1225(b)(2)(A) does not violate one's Fifth Amendment right to due process). And Petitioner's additional arguments are unavailing. *See Chi v. Warden, Bluebonnet Det. Facility*, 2026 WL 1062625 (N.D. Tex. Apr. 13, 2026); *see also Atehortua Ortiz v. Warden, Eden Det. Ctr.*, 2026 WL 2295760, at *2 (N.D. Tex. July 20, 2026) ("Habeas is not an appropriate remedy for a warrantless arrest.").

Finally, the Court notes that Federal Rule of Civil Procedure 11 requires counsel to certify that its "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Johnson v. Lumpkin*, 74 F.4th 334, 343 (5th Cir. 2023) (citing FED. R. CIV. P. 11(b)(2)). And here, as the Court explained during a show-cause hearing for Petitioner's counsel, Gregory Finney, the petition filed in this case repeatedly asserts arguments that the Fifth Circuit and this Court have squarely rejected. Mr. Finney is therefore on notice that any future filings that violate Rule 11 will subject him to sanctions.

The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **18th** day of **November, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE